IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| **MICHAEL KEITH HAMILTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **V.** ) | Civil No.: **1:19CV59-JMV** |
| ) | |
| **NANCY BERRYHILL** ) | |
| ***COMMISSIONER OF*** ) | |
| ***SOCIAL SECURITY,*** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

Before the Court are Plaintiff's motion for approval of $1,705.71 in attorney fees pursuant to 42 U.S.C. § 406(b) [20], Defendant's response [21], and Plaintiff's reply [22]. For the reasons set out below, Plaintiff's request for approval of payment to his counsel in the amount of $1,705.71 from past-due benefits will be granted.

Michael Keith Hamilton filed a Social Security appeal in this Court on March 7, 2019, to challenge the Commissioner's decision denying his applications for disability benefits. By Order [15] dated July 2, 2019, this Court granted Defendant's unopposed motion [13] to remand this action for further proceedings and, by a Final Judgment [16] entered the same day, reversed the case and remanded it to the Social Security Administration (the "agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel was awarded a fee of $4,122.94 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), by Order [19] dated September 4, 2019.

Following the Court's reversal and remand, the Commissioner issued a favorable

decision and, via an August 25, 2020, notice of change of benefits, notified Plaintiff and his counsel of an award of past-due benefits in the amount of $56,048.60. Plaintiff avers that a contract entitles his attorney to 25% of Plaintiff's past-due benefits or $14,012.15. Plaintiff further submits that correspondence from the agency dated October 24, 2020, indicates there remains $1,908.25 that was withheld from Plaintiff's past-due benefits for payment of Plaintiff's attorney. According to Plaintiff, his counsel has sought $8,183.50 in fees for representation of Plaintiff before the agency. Plaintiff now seeks approval under § 406(b) of an actual award of $5,828.65 minus a credit to Plaintiff for the prior EAJA award ($4,122.94), or $1,705.71.

In his response to the motion, the Commissioner states he "has no direct financial stake in the answer to the § 406(b) question" but "instead . . . plays a part in the fee determination resembling that of a trustee for the claimants." Def.'s Br. 1. Nevertheless, he raises some concerns, including that counsel "has provided no proof that he has a contractual right to attorney fees under 42 U.S.C. § 406(b), or that the agency possesses the amount of withheld past-due benefits he seeks." *Id.*

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total

2

of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). Section 406(b), however, "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 806-807. Nevertheless, agreements that provide for fees exceeding 25% of past-due benefits are unenforceable. *Id.* But even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

Plaintiff actually requests approval of a total award of $5,828.65 from his past-due benefits.[1] Several factors weigh in favor of a finding that the fee request is reasonable in this case.[2] First, Plaintiff states a contract with his attorney provides the attorney has the right to request an award of as much as 25% of his past-due benefits for representing him in federal court. Second, counsel for Plaintiff is an experienced Social Security attorney, achieved a fully favorable result for the client before this Court and before the agency, and has not been

---

[1] However, according to Plaintiff's counsel, agency notices indicate it is holding only $1,908.25 in past-due benefits for payment of attorney fees.

[2] The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award constitutes a "windfall" to the attorney. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)).

responsible for any delay in this matter. Third, the Fifth Circuit Court of Appeals and district courts in this circuit have acknowledged the contingent nature or high risk of loss inherent in Social Security appeals.[3] Finally, the actual fee requested, $5,828.65, amounts to only slightly over 10% percent of the claimant's past-due benefits and, consequently, does not offend § 406(b)(1)(A)'s ceiling on fees.

Now, the Court will address the Commissioner's concerns. Along with his reply, Plaintiff has submitted a fee contract, which substantiates counsel's entitlement to an award of fees from Plaintiff's past-due benefits. The Court also notes the subject fee contract had already been made a part of the record of this case in connection with Plaintiff's counsel's prior request for EAJA fees. Accordingly, the Commissioner's first concern is moot.

As regards the Commissioner's second concern, he more precisely contends Plaintiff has not shown the fee request is reasonable because he has failed to establish "the agency is in possession of past-due benefits in excess of the $4,122.94 previously awarded in EAJA fees," and he has not "definitively establish[ed] the actual amount of Plaintiff's awarded past-due benefits." *See* Def.'s Br. 3. The undersigned finds the documents submitted by counsel, which have not been controverted by Plaintiff[4] or the Commissioner, sufficiently establish the amount of past-due benefits awarded to Plaintiff. And to the extent the past-due benefits amount is different than what is represented in the agency's notice, the Commissioner has been in the best position to confirm any such discrepancy. As concerns the issue of whether counsel has

---

[3] *See Jeter v. Astrue*, 622 F.3d 371, 379 & n.9 (5th Cir. 2010).

[4] According to the certificate of service, a copy of the instant motion was served on Plaintiff.

4

proved the agency withheld sufficient past-due benefits for payment of the requested fee, the Court finds the Commissioner's concern is not well founded. Indeed, the Commissioner cites no legal authority. Furthermore, the U.S. Supreme Court has pointed out:

> [T]he amount of past-due benefits that the agency can withhold for direct payment does not delimit the amount of fees that can be approved for representation before the agency or the court. The attorney might receive a direct payment out of past-due benefits, but that payment could be less than the fees to which the attorney is entitled.

*Culbertson*, 139 S. Ct. at 523. In this case, the Court finds Plaintiff's counsel is entitled to $5,828.65 minus a credit for the prior EAJA award or $1,705.71.[5] According to Plaintiff, the agency is still holding $1,908.25 for payment of his attorney. Counsel's ability to collect the fee approved here is not an issue properly before the Court.[6]

Therefore, it is ORDERED that Plaintiff's petition for an award of attorney fees is granted, **and payment to counsel for Plaintiff from Plaintiff's past-due benefits in the amount of $1,705.71 is approved**, and counsel for Plaintiff shall not be required to refund Plaintiff the prior EAJA award. Any remaining balance of Plaintiff's past-due benefits withheld by the agency, after payment of counsel, shall be paid to Plaintiff.

SO ORDERED this 23rd day of March, 2021.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[5] An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fee to the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). However, in this case, where a fee contract indicates the claimant agreed to accept a credit for the prior smaller EAJA award, and there is no objection by the claimant, the Court will not require Plaintiff's counsel to refund the prior EAJA award. *Cf. Pettit v. Berryhill*, Cause No. 3:19cv202-JMV (N.D. Miss. February 12, 2021).

[6] "Any concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment." *Culbertson*, 139 S. Ct. at 523.